**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                          **11-CR-121-A**

**RONALD CARTER,**

**Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #11.

## PRELIMINARY STATEMENT

The defendant, Ronald Carter ("Carter"), is charged in a multi-count Superseding Indictment (Dkt. #19) with conspiracy to possess with intent to distribute and to distribute cocaine and marijuana, in violation of Title 21, United States Code, Section 846 (Count 1), possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B) (Count 2), and maintaining a premises for distributing cocaine, in violation of Title 21, United States Code, Section 856(a)(1) (Count 3).  Presently pending is defendant Carter's motion seeking the suppression of physical evidence.  This Court's Decision and Order with respect to defendant Carter's omnibus discovery motion, request for a bill of particulars and motion to suppress statements was previously filed.  Dkt. #111.

Defendant Carter moves to suppress all physical evidence seized from his residence located at 446 10th Street, Niagara Falls, New York. Dkt. #76, p.16. In support of his motion, the attorney for the defendant states as follows,

> [t]he Police received permission to search the residence after threatening and intimidating Mr. Carter. Mr. Carter's consent was involuntary. Mr. Carter and his girlfriend signed the consent to search forms after the residence was already searched. An affidavit from the Defendant will be supplemented to allege standing. He is currently in poor health and unable to make it to my office. The Defense asks that the Court accept this motion as enough for standing. The Government should not oppose this request as they charged Mr. Carter in Count 3 of the indictment with maintaining premises for the purpose of manufacturing and distributing cocaine.

Dkt. #76, p.16. The instant motion was filed on March 16, 2012 and oral argument was adjourned five times, three were at the request of defendant's counsel for purposes of accommodating defense counsel's trial calendar and/or for purposes of continuing to engage in plea negotiations. At the last two scheduled court appearances, counsel for defendant failed to appear. Notwithstanding the representations in defendant's motion concerning the defendant's intent to supplement the motion with an affidavit, no affidavit from defendant Carter has been filed.

With the exception of the excerpted language above concerning the suppression of physical evidence based on involuntary consent and/or consent provided after the search was complete, defendant Carter offers nothing to support his request for suppression. In its response to that portion of the defendant's motion seeking suppression of physical evidence, the government states,

[t]he defendant seeks to suppress evidence found during the search of his residence. The government objects to this as the defendant, voluntarily gave consent to the officers to search the entire premises and his vehicle. Once this consent was obtained, officers searched the residence and the vehicle and found the one and a half kilos of cocaine and the money. . . . Further, the government objects to an evidentiary hearing in this matter to determine whether law enforcement had obtained consent to search the home. To be entitled to an evidentiary hearing, a defendant must make a preliminary showing of facts, which if proved, would necessitate the granting of the relief requested. To meet that burden the defendant must submit his own affidavit or an affidavit from a person who has personal knowledge of the relevant facts. And if an affidavit is submitted, it must be 'specific, detailed, and nonconjectural.' Here, the defendant failed to submit a detailed affidavit sworn to by a person with personal knowledge of the facts contained therein. As such, the defendant is not entitled to an evidentiary hearing regarding this issue.

Dkt. #9, p.12 (internal citations omitted).

A defendant is entitled to a hearing on a motion to suppress if the defendant's papers raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); see also, *United States v. Mathurin,* 148 F.3d 68 (2d Cir. 1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v. Richardson,* 837 F. Supp. 570 (S.D.N.Y. 1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant

evidentiary hearing or suppression); *United States v. Caruso*, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers."). Indeed, the Court has discretion to deny a hearing where, as here, the defendant's papers fail to create a dispute over a material fact, *see United States v. Caming*, 968 F.2d 232, 236 (2d Cir. 1992); where, as here, the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, *see United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); or where the issue involved is purely one of law, *see United States v. Warren*, 453 F.2d 738, 742-43 (2d Cir. 1973).

In the instant case, in the absence of a detailed, factual affidavit of a person with personal knowledge, the bare, conclusory allegations in defendant's motion to suppress physical evidence are wholly insufficient to create a need for an evidentiary hearing. Defendant's counsel first raised the issue of an affidavit from defendant Carter in the memorandum of law with respect to the issue of standing. While standing could have been an issue raised by the government in its response to the instant motion, the primary issue is the complete lack of factual allegations to support the arguments raised concerning defendant Carter's alleged consent to search. Accordingly, based on the absence of any factual allegations in the record before the Court sufficient to require an evidentiary hearing, this Court recommends that the defendant's motion to suppress the physical evidence seized from 446 10th Street, Niagara Falls, New York be denied and it is hereby

**ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:


This Report, Recommendation and Order be filed with the Clerk of Court.


**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.


The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).


The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to**

**consider the objection.**


        **SO ORDERED.**


DATED:      Buffalo, New York
              September 11, 2012


                                *s/ H. Kenneth Schroeder, Jr.*
                                **H. KENNETH SCHROEDER, JR.**
                                **United States Magistrate Judge**